IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 20-3333 |
| ) | |
| 579,410.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

The Government's Motion to Strike the Answer filed by Claimant Bradley Tompkins is before the Court.

I.

On December 17, 2020, the Government filed a Verified Forfeiture Complaint <u>in</u> <u>rem</u> to enforce the

1

provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $579,410.00 in U.S. currency.  The Government claims the Defendant Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).  The Complaint consists of 35 paragraphs.

On April 5, 2021, Claimant Bradley Tomkins filed an Answer.  The Answer responds to the first two paragraphs of the Complaint, claiming that Paragraphs 1 and 2 state legal conclusions that do not require a response.  The Answer further states that, if Paragraphs 1 and 2 contain allegations of fact, the allegations are denied.

The Claimant's Answer also includes Two Affirmative Defenses.  In the First Affirmative Defense, the Claimant alleges that forfeiture of the Defendant

Currency violates the Due Process Clause of the Fifth Amendment to the United States Constitution. As for the Second Affirmative Defense, the Claimant asserts forfeiture of the Defendant Currency is barred by the Appropriations Clause of Article I, Section 9 of the United States Constitution.

In its motion to strike, the Government alleges that by failing to respond to all but the first two paragraphs of the Complaint, the Claimant has denied the Government reasonable notice of the parts of the forfeiture complaint he intends to contest.

## II.

Supplemental Rule G governs a forfeiture action in rem. Supplemental Rule G(5)(b) states in part, "A claimant

must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supplemental Rule G(1) provides, "To the extent that [Rule G] does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply."

Under Federal Rule of Civil Procedure 8(b)(1)(B), a party must "admit or deny the allegations asserted against it by an opposing party." Rule 8(b)(3) provides:

> A party that intends in good faith to deny all the allegations of a pleading-- including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Fed. R. Civ. P. 8(b)(3). Rule 8(b)(6) states:

> An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is

4

required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

*See also United States v. $41,580.00 is U.S. Currency*, 253 F. App'x 880, 881-82 (11th Cir. 2007) (noting that if the claimant fails to deny an averment in a responsive pleading, the averment is deemed admitted).

Under Supplemental Rule G(8)(c), the Government may move to strike a claim or answer for failing to comply with Supplemental Rule G(5). Because Tompkins has neither admitted nor denied most of the allegations in the Complaint, the Government asks the Court to order him to do so. The Claimant has not responded to the Government's Motion to Strike.

The Government is entitled to know which allegations of its Complaint that Claimant admits and which allegations he denies. Therefore, the Claimant will be directed to file an amended Answer which responds to <u>each</u> of the allegations in accordance with the Federal Rules of Civil Procedure.

<u>Ergo</u>, the Government's Motion to Strike the Answer Filed by Claimant Bradley Tompkins [d/e 10] is GRANTED.

The Claimant's Answer [d/e 8] is STRICKEN.

The Claimant shall file an amended Answer within 21 days of the entry of this Order.

If no responsive pleading is filed, the allegations in the Complaint will be deemed admitted.

ENTER: July 27, 2021

FOR THE COURT:

<u>/s/ *Richard Mills*</u>
Richard Mills
United States District Judge