# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERCIA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-3333 |
| $579,410.00 in U.S. CURRENCY, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Government's Motion to Compel Bradley Tompkins to Respond to the Government's Discovery Requests (d/e 16) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

On December 17, 2020, the Government filed this in rem action for forfeiture of the Defendant $579,410.00 in U.S. currency (the Fund) pursuant to 18 U.S.C. § 981(a)(1)(A). Verified Complaint for Forfeiture (d/e 1) (Complaint). On April 5, 2021, Claimant Bradley Tompkins, Jr., filed a Claim and Answer. Verified Claim (d/e 7) (Claim). Tompkins also filed an Answer (d/e 8) that was stricken. Opinion entered July 27, 2021 (d/e 13).

Tompkins then filed an Amended Answer and Affirmative Defenses.

Claimant Bradley Tompkins' Amended Answer (d/e 15).

On April 26, 2021, the Government served Tompkins with Special Interrogatories pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims (Rule G).  On May 10, 2021, the Government served additional discovery requests on Tompkins including interrogatories (Rule 33 Interrogatories) and Requests for Production pursuant to Rules 33 and 34.  Fed. R. Civ. P. 33 and 34.  On June 4, 2021, Tompkins objected to the Rule 33 Interrogatories and Special Interrogatories.  Tompkins did not respond to the Requests for Production.  The parties met and conferred to resolve the discovery dispute but were not successful.  The Government brings this motion to compel responses.

## ANALYSIS

Tompkins objects generally that the Government improperly served discovery without first participating in a discovery conference under Rule 26(f).  Fed. R. Civ. P. 26(f).  The Court overrules the objection.  Rule 26(f) discovery conference process does not apply to actions exempted under Rule 26(a)(1)(B).  Fed. R. Civ. P. 26(f)(1).  This in rem forfeiture action brought under 18 U.S.C. § § 981(a)(1)(A) is such an exempt action.  Fed. R. Civ. P. 26(a)(1)(B)(ii).  The Government therefore did not have to

participate in a Rule 26(f) discovery conference.  The Government also did not have to wait to conduct discovery because this is an exempt action under Rule 26(a)(1)(B).  Fed. R. Civ. P. 26(d)(1).  The Government also can serve Special Interrogatories any time after a claim is filed.  Rule G(6)(a).  The Government served the Special Interrogatories on April 26, 2021, after Tompkins filed his Claim on April 5, 2021.  The Government's discovery was timely and Tompkins' objections on timing and compliance with Rule 26(f) are overruled.

Tompkins also complains that the Government's interrogatories exceed the limit of 25 interrogatories.  Fed. R. Civ. P. 33(a)(1).  The Special Interrogatories do not count toward the limit of 25 interrogatories under Rule 33.  2006 Advisory Committee Notes to Rule G(6).  The Government's Rule 33 Interrogatories do not exceed 25, including subparts.  Tompkins' arguments to the contrary are not persuasive.  Tompkins' objection on the grounds that the Government's total number of interrogatories exceed 25 is overruled.

The Court now addresses the Government's discovery requests and Tompkins' responses.

Request for Production

Tompkins also failed to respond the Government's Request for Production. Tompkins, therefore, has made no objections to the Request for Production. See Fed. R. Civ. P. 34(b)(2)(A) and (C). The Court orders Tompkins to produce all non-privileged documents in his possession, custody, or control that are responsive to each of the Requests for Production. Tompkins shall produce these documents to the Government by December 31, 2021.

Special Interrogatories

Tompkins objects to the Special Interrogatories because the Government served them before conducting a Rule 26(f) conference and the number of interrogatories exceeds the limit of 25 in Rule 33. The objections are overruled for the reasons set forth above.

Tompkins also objects on the ground that the Special Interrogatories are an improper criminal investigation and irrelevant. The objection is overruled. The Government may serve Special Interrogatories to discover the claimant's identity and relationship to the defendant Fund. Rule G(6)(a). The Special Interrogatories are relevant to the issue of claimant's identity and relationship to the Defendant Fund. Special Interrogatory 1 seeks information on Tompkins' identity. Special Interrogatory 2 seeks

information about Tompkins' criminal history. Special Interrogatory No. 3 seeks information about the circumstances under which Tompkins acquired ownership of the Fund. Special Interrogatory 4 seeks information about any documents that reflect Tompkins' ownership of the Fund. Special Interrogatory 5 seeks information of the sources of the Fund. Special Interrogatory 6 seeks information of the identity of individuals with knowledge or information pertaining to Tompkins' ownership of the Fund. Special Interrogatory 7 seeks information about Tompkins' liabilities. Special Interrogatory 8 seeks information about Tompkins' income tax returns and any refunds. Special Interrogatory 9 seeks information about Tompkins' employment and income history. Special Interrogatory 10 seeks information about whether Tompkins had ever had money or property seized by government officials. Special Interrogatory 14 seeks information about where Tompkins stored the Fund while the Fund was in his possession. Special Interrogatories 11, 12, and 13 are not attached to the Motion. Tompkins is not obligated to answer them. Tompkins' objections to Special Interrogatories 1-10 and 14 are overruled.

    Tompkins also refused to answer Special Interrogatories 3, 4, 5, 6 and 14 because the answers may require him to incriminate himself in violation of the Fifth Amendment. The Court directed the parties to address

Tompkins' ability to refuse to answer based on his Fifth Amendment right to not incriminate himself. The parties agree that he may do so. Tompkins states in his supplemental briefing, however, "'Special Interrogatories' #'s 3, 4, 5, 6 and 14 no longer carry an objection based on asserting the Fifth Amendment right to silence." <u>Bradley Tompkins' Supplemental Brief Re: Tompkins' Assertion of His Fifth Amendment Right Regarding Government's Special Interrogatories Nos. 3,4,5,6 And 14 & 1st Set of Interrogatories Nos. 20, 21 and 22 (d/e 19)</u>, at 5. Tompkins states that,

> [I]n the last response to the "(sic) government's motion to compel answers and the court's order to compel, those Special Interrogatories were answered and objected to on other grounds. Tompkins incorporates by reference his reply to the order to compel as though copied in full and set forth at length herein.

<u>Id.</u> at 5-6. Tompkins, therefore, has waived his right against self-incrimination with respect to answering the Government's discovery. The Defendant's response to the Special Interrogatories is contained in Bradley Tompkins' Reply to the "Government's Motion to Compel Tompkins to Respond to the Government's Discovery Requests" (d/e 18) (Tompkins Response), at 14-15. Tompkins' answers to the Special Interrogatories set forth in the Tompkins Response are evasive, incomplete, and not under oath. The Court orders Tompkins to answer each of the Special Interrogatories 1-10 and 14 separately in writing and under oath. Tompkins

shall provide these written answers under oath to the Government by December 31, 2021. Tompkins is not obligated to answer Special Interrogatories 11, 12, and 13 since the Government did not include them in the exhibits to the Motion.

Rule 33 Interrogatories

Tompkins objects to the Rule 33 Interrogatories as untimely because no Rule 26(f) conference has been held, the interrogatories violated the limit of 25 interrogatories, and are irrelevant, duplicative, and unreasonably burdensome. He also provided incomplete and evasive answers that are not under oath. He further asserted his Fifth Amendment right against self-incrimination, although now, apparently, he has decided not to assert that right.

The timeliness objections are overruled for the reasons set forth above. The objections based on exceeding 25 interrogatories is overruled. The Government only propounded 23 Rule 33 Interrogatories. Each interrogatory only concerned a single topic with subsections that identified the information needed on the single topic and are not separate interrogatories for purposes of Rule 33. See Advisory Committee Notes to 1993 Amendments to Rule 33 Subdivision (a).

The Rule 33 Interrogatories seek relevant information.  Rule 33 Interrogatories 1-12 seek information to determine a complete picture of Tompkins' income, debts, finances, assets, and liabilities.  Interrogatory 1 seeks information about Tompkins' employment history.  Interrogatory 2 seeks information about any self-employment.  Interrogatory 3 seeks information about Tompkins' identity.  Interrogatory 4 seeks information about Tompkins' criminal history.  Interrogatory 5 seeks information about all other sources of income.  Interrogatory 6 seeks information about Tompkins' income tax returns.  Interrogatory 7 seeks information about any conveyances of personal property.  Interrogatory 8 seeks information about credit accounts and credit cards.  Interrogatory 9 seeks information about Tompkins' financial accounts.  Interrogatory 10 seeks information about any property worth $1,000 or more that Tompkins acquired.  Interrogatory 11 seeks information about Tompkins' monthly expenses.  Interrogatory 12 seeks information about any telephone, pager, or fax numbers Tompkins had.  This information sought by these 11 interrogatories may lead to relevant evidence of the credibility of Tompkins' claim that he owned the Fund, a sum of money in excess of $500,000.00.

Rule 33 Interrogatories 13-15 seek information related to the basis for Tompkins' claim of ownership.  Interrogatory 13 seeks information about

any individuals who had knowledge relevant to Tompkins' claim on the Fund.  Interrogatory 14 seeks information of how Tompkins came to own the Fund. Interrogatory 15 asks for the identity of individuals who have knowledge that Tompkins owned the Fund.  The interrogatories seek information that may lead to relevant evidence.

Rule 33 Interrogatories 16-22 seek information relevant to the Governments allegations in the Verified Complaint for Forfeiture (d/e 1) that the Fund was subject to forfeiture because the Fund was used or intended to be used to facilitate illegal drug trafficking or as part of a money laundering transaction.  Interrogatory 16 seeks information to show that the Fund was not used or intended to be used as part of illegal drug trafficking or money laundering.  Interrogatory 17 seeks information about Tompkins' children and whether Tompkins received any child support for the children. Interrogatory 18 seeks information about Tompkins' place of residence and with whom he resided.  Interrogatory 19 seeks information about any lease for Tompkins' residence.  Interrogatory 20 seeks information about whether Tompkins participated in illegal drug trafficking, money laundering, or acting as a money courier at the time the Fund was seized.  Interrogatory 21 seeks information about whether any income Tompkins may have received from illegal drug trafficking, money laundering, or acting as a money courier

was used to pay Tompkins' living expenses.  Interrogatory 22 seeks information about whether any income Tompkins may have received from illegal drug trafficking, money laundering, or acting as a money courier was deposited into an account at a financial institution.

Rule 33 Interrogatory 23 seeks information about any expert witnesses that Tompkins may use in the case and the expected testimony from such witnesses.  This question is clearly relevant, although Tompkins may have not yet retained any experts and so may not know the answer to Interrogatory 23.

The information sought by the Rule 33 Interrogatories is relevant and the Government is entitled to inquire on these topics.  The only issue is whether the extensive nature of the interrogatories is proportionate to the needs of this case.  Here, Tompkins asserts a claim to the Fund, consisting of $579,410.00.  Given the large amount of money involved, the questions are proportionate to the needs of the case.  Therefore, all of Tompkins' objections to the Rule 33 Interrogatories are overruled.

The Court orders Tompkins to answer all of the Rule 33 Interrogatories in full, in writing, and under oath as required by Rule 33. Claimant Tompkins shall provide these answers to the Rule 33 Interrogatories to the Government by December 31, 2021.  If Tompkins has

not yet retained an expert witness, he may say so in his answer to Interrogatory 23.

THEREFORE, IT IS ORDERED that the Government's Motion to Compel Tompkins to Respond to the Government's Discovery Requests (d/e 16) is ALLOWED in part.

ENTER:   November 29, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE