E-FILED
Monday, 21 March, 2022  09:50:31 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-3333 |
| | ) | |
| $579,410.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

The Government moves to strike Claimant's Claim and Answer and seeks entry of Default.

## I. BACKGROUND

On December 17, 2020, the Government filed a Verified Forfeiture Complaint in rem to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $579,410.00 in U.S. currency. The Government claims the Defendant Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

On April 5, 2021, Claimant Bradley Tompkins filed an Answer. On April 26, 2021, the Government moved to strike the Claimant's Answer. The Court granted the motion to strike on July 27, 2021.

On August 16, 2021, Tompkins filed an Amended Answer.

1

On April 26, 2021, pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Government served Special Interrogatories on Tompkins.  On May 10, 2021, the Government served additional discovery requests on Tompkins, including Interrogatories and a Request for Production of Documents, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

Tompkins filed Objections to the Government's First Set of Interrogatories and Special Interrogatories.  He failed to respond to the Government's Request for Production of Documents.

On June 22, 2021, in seeking to resolve the parties' differences, the Government sent a letter to Tompkins in response to his objections to the Government's First Set of Interrogatories.  The letter included statutory authority and case law supporting the Government's position that courts have ordered claimants to answer discovery requests identical to the ones propounded to him.  The Government's letter also noted that Tompkins had failed to provide any responses to the Government's Request for Production of Documents.

The Government states that, on July 14, 2021, Tompkins responded by letter with a litany of evasive explanations or justifications related to his objections to the Special Interrogatories and Rule 33 Interrogatories.  The letter included an apology for not responding to the Government's Request for Production of Documents.

Based on Tompkins' continued objections and failure to respond to discovery requests, the Government came to believe that Tompkins had no intention to provide complete, sworn answers to the Government's discovery requests.  On September 29, 2021, the Government moved to compel Tompkins to respond to its discovery requests.

On November 29, 2021, following briefing from both sides, United States Magistrate Judge Tom Schanzle-Haskins granted the Government's Motion to Compel and ordered Tompkins to respond to the Request for Production, the Rule 33 Interrogatories, and the Special Interrogatories by December 31, 2021.

The Government moves to strike Tompkins' Claim and Answer.  The Government states that since the Court's ruling, Tompkins has not provided any discovery responses and the time within which to do so has expired.  Tompkins did not respond to the Government's Motion to Strike Claim and Answer and for Entry of Default.

## II. DISCUSSION

Tompkins' Claim and Answer

Under Rule G(8)(c)(i)(A), "[a]t any time before trial, the government may move to strike a claim or answer for failing to comply with" the special interrogatory provisions of Rule G(6).  The Government notes that special interrogatories serve a crucial function in allowing it to investigate a claimant's relationship to the property

and his standing to contest the forfeiture. *See* Adv. Comm. Note to Supp. R. G(6); *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013) ("The purpose of such interrogatories is to smoke out fraudulent claims – claims by persons who have colorable claims."). The Advisory Committee Notes further provide that "the special role that [Rule G(6)] plays in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37." Adv. Comm. Note to Rule G(8)(c).

The Government can move to dismiss a claim when the claimant is unresponsive to Rule G(6) interrogatories. *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013). For the reasons stated herein, the Court concludes that Tompkins' failure to provide full and complete answers to the Special Interrogatories, despite the Court's order to do so, warrants invocation of the Court's Rule G(8) authority to strike his Claim and Answer.

The Court further finds that sanctions are warranted under Federal Rule of Civil Procedure 37 for violating the Court's Order to respond to the Government's Rule 33 Interrogatories and Rule 34 Request for Production. Under Rule 37, a court may strike a litigant's pleadings for failure to (1) obey a discovery order, and (2) serve answers, objections, or written responses to interrogatories and document requests. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), and (d)(1)(A)(ii). The failure to comply with discovery orders can result in a dismissal or default judgment. *See*

4

*Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992). If there is a pattern of noncompliance with discovery orders, "the judge is entitled to act with a swift decision" in entering a default or dismissal. *See id*.

As the Government notes, Tompkins has had multiple opportunities to comply with his discovery obligations. However, Tompkins has disregarded the Court's Order requiring him to provide complete, non-evasive responses to the Government's Rule 33 Interrogatories and Rule 34 Request for Production. For these reasons, the Court will strike Tompkins' Claim and Answer.

<u>Entry of default</u>

The Court "is not required to fire a warning shot" prior to entering a default judgment as a sanction." *Hal Commodity Cycles Management Co. v. Kirsch*, 825 F.2d 1136, 1139 (7th Cir. 1987). Moreover, "a district court need not impose any *lesser* sanctions prior to entering the sanction of default judgment." *Profile Gear Corp. v. Foundry Allied Industries, Inc.*, 937 F.2d 351, 354 (7th Cir. 1991).

Because Tompkins' Claim and Answer are being stricken and there are no other claimants to the Defendant Currency, the Court will enter a Default Judgment in favor of the Government. The Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6).

<u>Ergo</u>, the Plaintiff's Motion to Strike Claimant's Claim and Answer and for Entry of Default [d/e 22] is GRANTED.

Claimant Bradley D. Tompkins, Jr.'s Claim and Answer are Stricken.

The final pretrial conference on March 23, 2022, and bench trial set on April 12, 2022, are both Canceled.

There being no other claimants, Defendant $579,410.00 in U.S. Currency is forfeited to Plaintiff United States of America.

The Clerk will enter Judgment and close this case.

ENTER: March 21, 2022

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge